UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES,<br><br>            Plaintiff,<br>   v.<br><br>DANNIS ADAMSON,<br><br>            Defendant. | Case No. 4:08-cr-00272-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is the government's Motion to Void Marital Agreement (Dkt. 43). The matter is fully briefed and at issue. The Court finds that oral argument would not significantly assist the decisional process and will rule on the Motion without a hearing. Having thoroughly reviewed the pleadings and being familiar with the record, the Court will deny the Motion, as more fully expressed below.

## BACKGROUND

Defendant Dannis Adamson pleaded guilty to Willful Failure to Pay Over Taxes. In April 2009, he was sentenced to 27 months in prison, and ordered to pay

$7,526,648.31 in restitution. *Judgment*, Dkt. 19. Some two years later, in May 2011, defendant and his wife, Ruth Adamson, executed a marital agreement in which they agreed to convert all community property owned and any property later acquired by each, to their own separate property. *Marital Agreement*, Dkt. 43-2. The government conducted judgment debtor examinations of defendant Dannis Adamson and his wife, Ruth, among others, related to this case. *Minute Entry*, Dkt. 34. Afterward, the government moved in this case to void the marital agreement, arguing that it is a fraudulent transfer under 28 U.S.C. § 3304.

## ANALYSIS

At the threshold, the Adamsons argue that the government should not be able to void the marital agreement simply by filing a motion within this criminal proceeding. They say an independent fraudulent-transfer action or proceeding is necessary. The Court agrees.

The Mandatory Victims Restitution Act (MVRA) allows a federal court to order a convicted criminal defendant to make restitution, in addition to any additionally imposed sentence. *See* 18 U.S.C. § 3663(a)(1)(A). The government is authorized to collect criminal fines and restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). The federal law that provides the practices and procedures for the enforcement of a civil judgment is the Federal Debt Collection Procedures Act (FDCPA). 28 U.S.C. §§ 3001-3308.

The Court will address the specific provisions of the FDCPA relevant to this case below. But before delving into these provisions, it is helpful to consider the FDCPA's overall organization, which looks like this:

**Title 28 – Judiciary and Judicial Procedure**

**Chapter 176 – Federal Debt Collection Procedure**

| | | |
|---|---|---|
| Subchapter A | – | Definitions and General Provisions |
| Subchapter B | – | Prejudgment Remedies |
| Subchapter C | – | Postjudgment Remedies |
| Subchapter D | – | Fraudulent Transfers Involving Debts |

*See* 28 U.S.C. §§ 3001 to 3308.

As shown in this table, Subchapter C of the FDCPA deals with postjudgment remedies, while Subchapter D separately deals with fraudulent transfers.

Within Subchapter C, § 3202 provides that "[a] judgment may be enforced by any of the remedies set forth *in this subchapter.*" 28 U.S.C. § 3202(a) (emphasis added). The remedies included within Subchapter C thus include things like execution and garnishment – not fraudulent transfer actions. *See* §§ 3203, 3205.

Further, the procedures relevant to execution and garnishment are quite detailed. Regarding garnishment, for example, the FDCPA specifies: (1) what must be included in the government's application for a writ of garnishment; (2) when and how a garnishee must answer the writ; (3) how to object to the garnishee's answer; (4) what happens if the garnishee fails to answer or pay, and so on. 28 U.S.C. § 3205(c)(1) (2), (4), (5), and (6).

The FDCPA provisions related to fraudulent transfer, by contrast, do not provide similar, detailed procedural devices. *See* 28 U.S.C. §§ 3301 to 3308. Rather, the sections

within this subchapter – and particularly § 3306 – suggest that Congress intended for fraudulent transfer claims to be pursued in a separate action or proceeding. Section 3306 refers to "claims for relief" and limitations periods for bringing an "action." In full, § 3306 provides:

> **§ 3306. Remedies of the United States**
>
> (a) **In general**.— In an *action or proceeding* under this subchapter for relief against a transfer or obligation, the United States, subject to section 3307 and to applicable principles of equity and in accordance with the Federal Rules of Civil Procedure, may obtain–
>
> (1) avoidance of the transfer or obligation to the extent necessary to satisfy the debt to the United States;
>
> (2) a remedy under this chapter against the asset transferred or other property of the transferee; or
>
> (3) any other relief the circumstances may require.
>
> (b) **Limitation**.— A *claim for relief* with respect to a fraudulent transfer or obligation under this subchapter is extinguished unless *action* is brought –
>
> (1) under section 3304(b)(1)(A) within 6 years after the transfer was made or the obligation was incurred or, if later, within 2 years after the transfer or obligation was or could reasonably have been discovered by the claimant;
>
> (2) under subsection (a)(1) or (b)(1)(B) of section 3304 within 6 years after the transfer was made or the obligation was incurred; or
>
> (3) under section 3304(a)(2) within 2 years after the transfer was made or the obligation was incurred.

28 U.S.C. § 3306 (emphasis added).

Subsection (a) provides that a fraudulent conveyance may be attacked in "an action or proceeding." This suggests that such a conveyance may be set aside either (1)

in an independent "action," or (2) in a separate "proceeding" in the action which gave rise to the government's judgment against the debtor. The Court therefore agrees with the government that it may pursue its fraudulent transfer claims against the Adamson's within the confines of this case.

However, where the government goes wrong, is in attempting to initiate and resolve its fraudulent conveyance claim by a simple motion to the Court. At least three aspects of the FDCPA suggest that the government's claim, whether pursued as an independent action or a conjoined proceeding in this action, must be resolved under the process dictated by the Federal Rules of Civil Procedures – meaning that the government's fraudulent conveyance claim should begin with the filing of a complaint, even if that complaint is filed within this criminal docket number as a conjoined proceeding.

Three aspects of the FDCPA suggest this conclusion. First, by dealing with fraudulent transfers in a separate subchapter of the FDCPA, it is clear the Congress intended that a fraudulent conveyance action would not be commenced by the summary and expedited process adopted in Subchapter C for execution and garnishment proceedings. Second, by providing that a challenge to a fraudulent conveyance may proceed by either "an action or proceeding," Congress suggested some equivalence between the two. But the more specific language in § 3306 (b) – referencing limitations periods, a "claim for relief" and an "action" – indicate that a fraudulent-transfer action should begin with a complaint. Finally, and most significantly, this conclusion is borne

out by the FDCPA's explicit provision that the "action or proceeding" by which a fraudulent transfer may be set aside, be conducted "in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 3306(a). Thus, upon careful review of the FDCPA, the Court concludes that the government, to void Adamson's marital agreement, was required to either file a separate action or bring a separate proceeding in this case. In either event, the process will be governed by the Federal Rules of Civil Procedure. *See* 28 U.S.C. §§ 3003(f), 3306(b).

      Here, the government's Motion to Void Transfer Agreement is not tethered to any procedural device available under the Federal Rules. Rather, in its motion, the government just says that it "makes this motion on the grounds that the marital agreement is a fraudulent transfer." *Mot.*, Dkt. 43, at 2. That clearly does not comply with the directive of the statute that a fraudulent conveyance action be conducted "in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 3306(a). The FDCPA envisions that any "action or proceeding" to set aside a fraudulent transfer be initiated by the filing of a complaint, service of process on the debtor and transferee, and the filing of an answer or motion to dismiss. *See* 28 U.S.C. § 3306(a), (b). However, the Court perceives that such procedural requirements have been achieved by the government's motion, Mrs. Adamson's appearance, and the objections filed by Mr. and Mrs. Adamson. In light of the command of Rule 1, that the Federal Rules shall be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, the Court will construe those filings as adequate to initiate this

proceeding.

Within the Adamson's objections, there is one argument that would logically arise in the Rule 12(b)(6) context: The Adamsons argue that there is no legal authority to void the marital agreement, as it was entered under statutory authority – Idaho Code §§ 32-916 – 919. According to the Adamsons, the Court must repeal or find unconstitutional, Idaho's law providing for such marital agreements, in order to find the Adamsons' agreement void. But the government does not challenge Idaho's law permitting marital agreements. Rather, its challenge is specific to the Adamsons' agreement, under the FDCPA. Although Idaho law permits married couples to enter into marital agreements, the FDCPA allows the government to seek relief against such an agreement. 28 U.S.C. § 3306(a)(1). Thus, the Court rejects the Adamsons' argument that the government lacks legal authority.

With this challenge resolved, the case is at issue. And, to further expedite the resolution of this matter, the Court will only permit limited discovery and require the prompt filing of dispositive motions. Thus, discovery must be completed within 60 days of the filing of this decision, and the parties may file motions for summary judgment within 30 days thereafter.[1] If the case is not resolved by summary judgment, a trial will be scheduled shortly thereafter.

---

[1] Of course such a motion may be filed at any time. For example, the government may believe that it has an adequate basis to move for summary judgment based upon the creditor's examinations already conducted. If so, such a motion may be filed immediately.

# ORDER

**IT IS ORDERED THAT** the Government's Motion to Void Marital Agreement (Dkt. 43) is **DENIED**.

**IT IS FURTHER ORDERED THAT** parties may engage in further discovery for a period of 60 days from the date of this decision, and dispositive motions must be filed within 30 days thereafter. If no dispositive motions are filed, the Court will set this matter for trial as soon as its docket permits.

DATED: January 24, 2013

B. Lynn Winmill
Chief Judge
United States District Court